UNITED STATES BANKRUPTCY COURT                          NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| FD 149 REALTY LLC, | Case No. 09-10594 (AJG) |
| Debtor. | |

**OPINION AND ORDER REGARDING MOTION OF GRAND PACIFIC
FINANCE CORP. TO (1) RETROACTIVELY ANNUL; OR
(2) TERMINATE THE AUTOMATIC STAY PURSUANT TO SECTION 362(d)**

Before the Court is the motion of Grand Pacific Finance Corp. ("Grand Pacific") under §§ 362 and 541 of the Bankruptcy Code for either (1) termination of the automatic stay; or (2) retroactive relief from the automatic stay as to certain property located at 2807 Frederick Douglass Boulevard, New York, NY 10039 (the "Property"). For the reasons set forth herein, the Court grants Grand Pacific's request for termination of the automatic stay as to the Property but denies that portion of the motion seeking retroactive relief from the automatic stay. Further, the Court denies Grand Pacific's request for attorney's fees and expenses pursuant to 28 U.S.C. § 1927.

The Bankruptcy Code provides the Court with the power to grant relief from the automatic stay under section 362(d) by either "terminating, annulling, modifying or conditioning." *Eastern Refractories Co. v. Forty Eight Insulations*, 157 F.3d 169, 172 (2d Cir. 1998). These remedies are independent and each applies to specific circumstances. *In re WorldCom, Inc.*, 325 B.R. 511, 519 (Bankr. S.D.N.Y. 2005). Under § 362(d)(2), the Court may terminate the stay if the Debtor does not have any equity in the Property and such Property is not necessary to an effective reorganization. As to the first prong, the Court finds that the Debtor

does not have any equity in the Property.  The Debtor's own appraisal values the Property at $1,000,000.00 as of May 1, 2009.  As of the petition date, Grand Pacific holds a secured claim in the approximate amount of $870,000.00.  Further, the New York City Department of Housing Preservation and Development ("HPD") holds a lien against the Property in the approximate amount of $150,000.00. (Gatanas Aff. ¶ 28, Feb. 11, 2009.)  Taken together, the secured claims of Grand Pacific and HPD exceed the Debtor's value in the Property by approximately $200,000.00.  Therefore, the Court finds that the Debtor lacks any equity in the Property.

As to the second prong, the Court finds that the Property is not necessary to an effective reorganization.  The Debtor admits that they have not been able to obtain financing or find a suitable buyer for the Property, nor have they provided any evidence to the contrary.  *See* 11 U.S.C. § 362(g); (Gatanas Aff. ¶¶19, 22).  Further, the Debtor has not offered any evidence that financing will be available in the future or that a prospective buyer is ready, willing and able to purchase the Property.  Therefore, the Court finds that the debtor has not established that an "effective" reorganization is likely within the meaning of § 362(d)(2).  *See In re Boca Dev. Associates*, 21 B.R. 624, 630 (Bankr. S.D.N.Y. 1982).  The Court hereby lifts the automatic stay pursuant to § 362(d)(2) because the Debtor has no equity in the Property and the Property is not necessary to an effective reorganization.

Further, the Court also finds that retroactive relief from the automatic stay is not appropriate here.  Based on the evidence before the Court, Grand Pacific has not established cause to retroactively lift the stay.[1]  In order to retroactively lift the stay, Grand Pacific must

---

[1] The relevant factors establishing cause to retroactively lift the stay are
   (1) if the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay, (2) if the debtor has acted in bad faith, (3) if there was equity in the property of the estate,  (4) if the property was necessary for an effective reorganization, (5) if grounds for

2

show that, among other factors, the Debtor acted in bad faith or that Grand Pacific detrimentally changed its position based on the actions taken. *In re WorldCom, Inc.*, 325 B.R. 511, 522 (Bankr. S.D.N.Y. 2005).[2] No such showing was made; therefore the Court denies the request.

Further, the Court denies Grand Pacific's request for attorney's fees and expenses pursuant to 28 U.S.C. § 1927. Under that provision, any "attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Grand Pacific has not provided any evidence to demonstrate that the Debtor has multiplied the proceedings in this case unreasonably or vexatiously.

Accordingly, it is hereby

ORDERED, Grand Pacific's request to terminate the automatic stay is granted pursuant to § 362(d)(2); and it is further

ORDERED, Grand Pacific's request to retroactively annul the automatic stay is denied; and it is further

---

relief from the stay existed and a motion, if filed, would likely have been granted prior to the automatic stay violation, (6) if failure to grant retroactive relief would cause unnecessary expense to the creditor, and (7) if the creditor has detrimentally changed its position on the basis of the action taken.
*In re WorldCom, Inc.*, 325 B.R. at 522 (citing *In re Stockwell*, 262 B.R. 25, 281 (Bankr. Vt. 2001)).

ORDERED, Grand Pacific's request for attorney's fees and expenses pursuant to 28 U.S.C. § 1927 is denied.

Dated: New York, New York
     May 8, 2009

                                        **s/Arthur J. Gonzalez**
                                        UNITED STATES BANKRUPTCY JUDGE