| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

| | |
|---|---|
| In re<br><br>FD 149 REALTY, LLC,<br><br>         Debtor. | Chapter 11<br><br>Case No. 09-10594 (AJG) |

## ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION

Before the Court is the Debtor's Motion for Reconsideration (the "Motion") of the Court's May 8, 2009 Opinion and Order Regarding Motion of Grand Pacific Finance Corp. to (1) Retroactively Annul; or (2) Terminate the Automatic Stay Pursuant to Section 362(d) (the "Lift Stay Order") (ECF Docket No. 11).  The Debtor's Motion was made pursuant to FED. R. CIV. P. 59(e) and 60(b), made applicable to this matter by FED. R. BANKR. P. 9023 and 9024 respectively, as well as Local Bankruptcy Rule 9023-1.

In the Lift Stay Order, the Court lifted the automatic stay as to property owned by the Debtor located at 2807 Frederick Douglass Boulevard, New York, NY 10039 (the "Property"). The Court acted pursuant to § 362(d)(2) on the grounds that the Debtor had no equity in the Property, and the Property was not necessary to an effective reorganization.  The core of the Debtor's argument that the Lift Stay Order should be reconsidered is that the Court erroneously came to the conclusion that the Debtor lacked equity in the Property by mistakenly or inadvertently calculating the total amount of liens against the Property.

### DISCUSSION

The Debtor has moved under both FED. R. CIV. P. 59(e)[1] and 60(b)(1)[2] for the Court to

---

[1] *See* FED. R. CIV. P. 59(e) ("Motion to Alter or Amend a Judgment.  A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment.").

reconsider the Lift Stay Order.  Motions for reconsideration not are necessarily either FED. R. CIV. P. 59 motions or FED. R. CIV. P. 60 motions.  Rather, all motions for reconsideration are merely substantively analyzed as if they were made under either rule.  *See In re Enron Corp.*, 352 B.R. 363, 368 (Bankr. S.D.N.Y. 2006).  A motion made pursuant to FED. R. CIV. P. 59(e) must be timely made and served within ten days after entry of the judgment.  If a motion to modify or set aside the judgment (other than for clerical error) is served more than ten days after entry of the judgment, it is properly considered a motion under FED. R. CIV. P. 60(b), not one under FED. R. CIV. P. 59(e).  *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991).  Here, the Lift Stay Order was entered on May 8, 2009 and the Debtor filed the Motion on May 15, 2009, thereby satisfying the ten-day time limitation under FED. R. CIV. P. 59(e) and the one-year time limitation under FED. R. CIV. P. 60(c)(1).

Notwithstanding the Debtor's reliance on Rule 60(b), "where a post-judgment motion is timely filed and 'calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.'"  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2d Cir. 1982) (citing *Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir. 1978)).  A "motion for 'reargument' is properly in the nature of a motion for a new trial or for the amendment of a judgment pursuant to FED. R. CIV. P. 59."  *In re Jamesway Corp.*, 203 B.R. 543, 545 (Bankr. S.D.N.Y. 1996); *see also* 10 COLLIER ON BANKRUPTCY ¶ 9023.04 (15th ed. rev. 2008) ("Any motion that draws into question the correctness of the judgment is functionally a motion under Rule 9023, whatever its label.  Thus a motion to "reconsider," "for clarification," to "vacate," to "set aside" or to "reargue" is a motion under Rule 9023 . . . .")

The standard for granting a motion for reconsideration is strict, and "reconsideration will

---

[2] *See* FED. R. CIV. P. 60(b)(1) ("Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . .").

generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 256 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990); *Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)). Such motions should also not be granted where the moving party "seeks solely to relitigate an issue already decided." *Id.* at 257. A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) may be based upon "(1) an intervening change in the controlling law, (2) the availability of new evidence, (3) to correct manifest errors of law or fact upon which the judgment is based, or (4) to prevent manifest injustice." *Official Comm. of Unsecured Creditors of Enron Corp v. Martin* (*In re Enron Creditors Recovery Corp.*), 378 B.R. 54, 56-57 (Bankr. S.D.N.Y. 2007) (citing *Cray v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 37, 39 (W.D.N.Y. 2001); *Atl. States Legal Found., Inc. v. Karg Bros. Inc.*, 841 F. Supp. 51, 53 (S.D.N.Y. 1993)).

The Motion requests reconsideration of the Lift Stay Order to correct an alleged manifest error of fact. In the Lift Stay Order, the Court arrived at its holding that the Debtor lacked equity in the Property by combining the approximately $870,000 secured claim of Grand Pacific Finance Corp. ("Grand Pacific") with the $150,000 lien on the Property held by the New York City Department of Housing Preservation and Development ("HPD"). Taken together, the Grand Pacific and HPD liens on the Property exceed the Debtor's own appraisal value of the Property - $1,000,000. The basis for the Debtor's argument is that there was no evidence that HPD's lien totaled $150,000.

The moving party has a "heavy burden to establish factual error sufficiently serious enough to merit an amendment . . . ." *Wallace v. Brown*, 485 F. Supp. 77, 79 (S.D.N.Y. 1979).

3

To succeed on such a motion, "the movant must show that the court overlooked factual matters or controlling precedent 'that might have materially influenced its earlier decision.'" *In re Bird*, 222 B.R. 229, 235 (Bankr. S.D.N.Y. 1998) (citing *Robins v. Max Mara, U.S.A., Inc.*, 923 F. Supp. 460, 473 (S.D.N.Y. 1996)). The decision to grant or deny a motion to reconsider is within the Court's discretion. *In re Enron Creditors Recovery Corp.*, 378 B.R. at 57 (citing *Karg Bros. Inc.*, 841 F. Supp. at 55).

In the Lift Stay Order, the Court did not overlook the HPD lien on the Property. At the hearing on the Lift Stay Order, the Debtor provided no evidence to refute the assertion that the HPD lien on the Property was in the amount of $150,000. As a result, the Court attributed a value of $150,000 to such lien. In its reply to the Motion, Grand Pacific Finance revises the amount of HPD lien on the Property from $150,000 to at least $39,955. However, since the filing of its bankruptcy petition of February 11, 2009, the Debtor has made no mortgage payments to Grand Pacific, thereby increasing Grand Pacific's secured claim against the Property from approximately $870,000 (at the time of the Lift Stay Order) to $965,346.70, excluding post-petition legal fees, by virtue of accruing interest and fees under the mortgage agreement. Under these revised calculations, taking into consideration a reduced HPD lien on the Property, the Debtor still lacks equity in the Property. Even if the Property is valued at $1,000,000 – Grand Pacific asserts the Property is only worth $450,000 – the accrual of fees and interest on Grand Pacific's secured claim alone virtually equals the Debtor's valuation of the Property. Grand Pacific's increased claim, combined with the reduced amount of the HPD lien, leaves the Debtor with no equity in the Property, which is the same conclusion the Court reached in the Lift Stay Order. The Debtor bears the burden to establish facts the Court overlooked in the Lift Stay Order that might reasonably be expected to alter the conclusion reached by the court.

4

Even taking into consideration the revised amount of the HPD lien, the Court's holding in the Lift Stay Order does not change.

Further, even if the Court were inclined to grant the Motion to reconsider its prior decision made under § 362(d)(2), Grand Pacific would still be entitled to have the stay lifted under § 362(d)(3). In its petition, the Debtor provided that the nature of its business was "single asset real estate" as defined in 11 U.S.C. § 101(51B).[3] By virtue of being a single asset real estate debtor, § 362(d)(3) applies to this case. That section provides

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>   (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later--
>     (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>     (B) the debtor has commenced monthly payments that--
>       (i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
>       (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate.

11 U.S.C. § 362(d)(3). The Debtor's petition was filed on February 11, 2009. Grand Pacific's initial lift stay motion, which was addressed by the Lift Stay Order, was filed on April 21, 2009. Grand Pacific did not seek relief under § 362(d)(3) in its initial lift stay motion because 90 days

---

[3] Section 101 (51B) of the Bankruptcy Code defines a "single real estate asset" as "real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental."

had not yet passed since the petition date. However, more than 90 days have now passed since the petition date. Therefore, even if the Court were to reconsider its Lift Stay Order, the result therein would still not change because the Debtor has failed to comply with the deadlines set forth in § 362(d)(3).

There is no argument over whether the debtor in a single asset real estate entity and bound by the requirements of § 362(d)(3). As of this date, the Debtor has not filed a plan of reorganization as required by § 362(d)(3)(A). In addition to filing a plan within 90 days of the petition, the Debtor was also required to made monthly payments to creditors whose claim is secured by real estate in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate. 11 U.S.C. § 362(d)(3)(B). Grand Pacific holds a secured claim against the Property, therefore the Debtor must have, within 90 days of the petition, made monthly payments to Grand Pacific as described in § 362(d)(3)(B). No such payments have been made by the Debtor. Since the Debtor has not fulfilled the requirements of § 362(d)(3), Grand Pacific is entitled to have the stay lifted under that subsection as well.

## CONCLUSION

The Debtor's burden in the Motion was to show facts that would reasonably be expected to alter the conclusion reached by the Court in the Lift Stay Order. The Debtor has not pointed to any facts to demonstrate that it still maintains equity in the Property such that the Court would alter its prior holding that the stay should be lifted under § 362(d)(2). Further, even if there was such evidence, the Debtor's failure to comply with the dictates of § 362(d)(3) provide an independent ground for the Court to lift the stay.

Accordingly it is hereby

ORDERED, the Motion is denied in its entirety; and it is further

ORDERED, the United States Trustee's Motion to Convert or Dismiss the Chapter 11 Case (ECF Docket No. 3) is hereby scheduled to be heard on July 22, 2009 at 11:00 a.m.

Dated: New York, New York
June 29, 2009

                                                **s/Arthur J. Gonzalez**
                                                UNITED STATES BANKRUPTCY JUDGE